Gwen R. Acker Wood (State Bar No. 89081)
grwood@ackerwoodiplaw.com
**Acker Wood Intellectual Property Law, LLC**
4981 McKnight Road
Pittsburgh, Pennsylvania 15237
Telephone: (412) 486-1038
Facsimile:  (412) 487-2837

*Attorney for Plaintiff*
*Note to Health, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOTE TO HEALTH, LLC<br>d.b.a.  JUMP WITH JILL<br><br>                    Plaintiff,<br><br>                    v.<br><br><br>JILL STRONG, an individual,<br>    d.b.a. JUMP ROPE JILL<br><br>                    Defendant. | ) CASE NO. _____<br>)<br>)<br>) **COMPLAINT FOR**<br>) **FEDERAL TRADEMARK,**<br>) **INFRINGEMENT;**<br>) **COMMON LAW TRADEMARK**<br>) **INFRINGEMENT; FALSE**<br>) **DESIGNATION OF ORIGIN,**<br>)<br>) **DEMAND FOR JURY TRIAL**<br>) |

Plaintiff, Note To Health, LLC, d.b.a. JUMP WITH JILL (hereinafter "Note To Health"), appearing through undersigned counsel, states as follows:

### PARTIES

1.  Plaintiff Note To Health is a limited liability company with a principal place of business at 805 Ninth Street, Oakmont, Pennsylvania 15139.  Plaintiff is in the business of

putting on educational entertainment shows under its JUMP WITH JILL trademark for which she has received national recognition, inter alia, in the national media and from her accredited professional organization.

2. On information and belief, Defendant Jill Strong is an individual domiciled at 1290 Patricia Boulevard, Kingsville, Ontario, Canada N9Y 2R4, and has willfully, maliciously and with intent to benefit from the goodwill of the business developed by Note To Health infringed upon the rights of Note To Health by using the infringing designation JUMP ROPE JILL in competition with Note To Health.

3. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant knew or reasonably should have known of the acts and/or omissions alleged herein and the damages caused thereby. Plaintiff further alleges that Defendant had a non-delegable duty to prevent such acts and and/or omissions described herein, which duty Defendant failed and/or refused to perform.

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT

4. This is an action for trademark infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition under the statutory and common law of the Commonwealth of Pennsylvania.

5. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law.

## JUMP WITH JILL MARK AND JUMP WITH JILL PROGRAM

6. Jill Jayne is the Chief Executive Officer and creator of "Jump with Jill," a music-based health program and entertainment show for children, offering audiences live concerts, recorded music, video experiences, and cross-curricular classroom activities (hereafter the "Jump with Jill Program"). Known as the world's only Rock and Roll nutrition show, the Jump with Jill Program uses music and dance to celebrate healthy habits by transforming nutrition education into a live concert. Now in its tenth year, the "Jump with Jill" show has been performed nearly 3,000 times for a million children across the United States, Canada, and Europe. This work has led to multiple Emmy Award nominations, two Telly Awards in the Education and Children categories, a Grammy nomination consideration for Best Children's Album, and an invitation to the White House to meet Michelle Obama (see Exhibits A-C


putting on educational entertainment shows under its JUMP WITH JILL trademark for which she has received national recognition, inter alia, in the national media and from her accredited professional organization.

2. On information and belief, Defendant Jill Strong is an individual domiciled at 1290 Patricia Boulevard, Kingsville, Ontario, Canada N9Y 2R4, and has willfully, maliciously and with intent to benefit from the goodwill of the business developed by Note To Health infringed upon the rights of Note To Health by using the infringing designation JUMP ROPE JILL in competition with Note To Health.

3. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant knew or reasonably should have known of the acts and/or omissions alleged herein and the damages caused thereby. Plaintiff further alleges that Defendant had a non-delegable duty to prevent such acts and and/or omissions described herein, which duty Defendant failed and/or refused to perform.

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT

4. This is an action for trademark infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition under the statutory and common law of the Commonwealth of Pennsylvania.

5. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law.

## JUMP WITH JILL MARK AND JUMP WITH JILL PROGRAM

6. Jill Jayne is the Chief Executive Officer and creator of "Jump with Jill," a music-based health program and entertainment show for children, offering audiences live concerts, recorded music, video experiences, and cross-curricular classroom activities (hereafter the "Jump with Jill Program"). Known as the world's only Rock and Roll nutrition show, the Jump with Jill Program uses music and dance to celebrate healthy habits by transforming nutrition education into a live concert. Now in its tenth year, the "Jump with Jill" show has been performed nearly 3,000 times for a million children across the United States, Canada, and Europe. This work has led to multiple Emmy Award nominations, two Telly Awards in the Education and Children categories, a Grammy nomination consideration for Best Children's Album, and an invitation to the White House to meet Michelle Obama (see Exhibits A-C

attached herewith). National media coverage includes NPR, Sprout, The Washington Post, and Nickelodeon's Parents Connect (see Exhibits D-G, respectively, attached herewith). The Jump with Jill branding has been integrated into Point of Sale materials in national campaigns such as Meijer, a grocery store chain in seven states (see Exhibits H-J, attached herewith), federally funded campaigns such as the Texas Department of Agriculture Farm Fresh Initiative (see Exhibit K attached herewith) and large scale events at National Football League (NFL) stadiums in partnership with the Dairy Council (see Exhibits L-O, respectively, attached herewith).

7. Jump with Jill creator, Jill Jayne, is a registered dietitian and is recognized by her licensed professional organization (the Academy of Nutrition and Dietetics) as a leader in the field. Her professional awards include Emerging Dietetics Leader by the Academy of Nutrition and Dietetics and the Alumni Achievement Award from Penn State University, both awarded for significant professional contributions by people under the age of 35 (see Exhibits P-O, respectively, attached herewith). Jill Jayne's company, Note to Health, LLC, d.b.a. Jump with Jill, is a certified Woman Owned Small Business (WOSB) and a Woman Business Enterprise (WBE) from the National Women Business Owners Corporation (see Exhibits R-S, respectively, attached herewith). Jill Jayne is regularly quoted as an expert in professional trade magazines (see Exhibits T-X, attached herewith), and the Jump with Jill Program is written about almost daily in consumer trade publications (see Exhibits Y-DD, attached herewith). Research from several independent agencies, such as the School District of Philadelphia Office of Research and Evaluation, America on the Move, and the University of Pittsburgh, have demonstrated that kids are tuned in to Jump with Jill. Not only does the Jump with Jill Program get kids "rockin'" and "learnin'," the messages contained therein translate into an overwhelming positive response by kids to the show and measurable behavioral improvements.

8. Plaintiff Note To Health is the owner of the federally registered trademark JUMP WITH JILL (also referred to herein as the "Mark"), which was granted U.S. Trademark Registration No. 3,682,504, with a registration date of September 15, 2009. A copy of this registration is attached herewith as Exhibit EE and is incorporated herein by reference. Also attached, as Exhibits FF and GG, is a copy of the Trademark Assignment Abstract of Title document evidencing the transfer of ownership from Jill Pakulski to Jill Pakulski Weeks, and a copy of the Notice of Recordation of Assignment document evidencing the transfer of ownership from Jill Pakulski Weeks to Note To Health, LLC, d.b.a. Jump with Jill, respectively.

9.  Plaintiff commenced use of the mark JUMP WITH JILL in connection with its Jump with Jill Program services at least as early as April 4, 2006. Since that time, this Mark has been continually used in commerce by Plaintiff, and the registration is valid and subsisting and is incontestable.

10. Through this longstanding use of the JUMP WITH JILL Mark, promotional activity by Plaintiff, media coverage and award nominations, the Mark has achieved a high degree of consumer recognition which serves to distinguish JUMP WITH JILL and it services from others. Plaintiff has developed exclusive and valuable goodwill and strong federal and common-law rights in the JUMP WITH JILL Mark as a result of this usage, promotion, media coverage and award nominations.

## DEFENDANT'S ACTIVITIES

11. Long after Plaintiff began using its JUMP WITH JILL Mark and after Plaintiff had registered the Mark, Defendant Jill Strong began an entertainment and educational business with the confusingly similar name JUMP ROPE JILL (hereinafter the "confusingly similar Mark"), which is in the same field of use as Plaintiff's JUMP WITH JILL Mark. Defendant visits schools and other venues in the United States, Canada, Australia, New Zealand and England, and gives live performances demonstrating her jump rope skills to students and teachers, many times having the students and teachers join in her performances. Defendant is using and promoting her entertainment business JUMP ROPE JILL in the United States via personal appearances, her website (Exhibit HH, attached herewith); video hosting sites such as YouTube (Exhibits II-KK, attached herewith) and Vimeo (Exhibit LL, attached herewith), social media sites such as FaceBook (Exhibit MM attached herewith) and Twitter account, where Defendant used Plaintiff's JUMP WITH JILL Mark in a tweet dated October 9, 2014 (Exhibit NN attached herewith). Further promotions of Defendant's entertainment business are an online App store advertisement (Exhibit OO, attached herewith); and iTunes (Exhibit PP attached herewith).

12. By information and belief, on or about April 1, 2016, Defendant appeared at an elementary school (Leonard Elementary School), located in Ovid, Michigan 48866, using the JUMP ROPE JILL Mark, which caused brand confusion to employees of the school who thought they were hiring Plaintiff's Jump with Jill Program services. When Defendant was made aware

4

of the JUMP WITH JILL Mark, she was heard by one or more employees to make derogatory and disparaging comments regarding Plaintiff's Jump with Jill Program.

13. Plaintiff has objected to Defendant's use of the confusingly similar Mark, but Defendant has not ceased her unauthorized use.

14. Upon information and belief, Defendant intends to continue her unauthorized use of the confusingly similar Mark.

15. Defendant's use of the confusingly similar Mark in commerce is without the permission, license or authority of Plaintiff. Such use is confusingly similar to Plaintiff's Mark.

16. Defendant is using the confusingly similar Mark in commerce in the United States, as well as in this District, via the internet and in person, in an effort to trade on Plaintiff's valuable goodwill.

## EFFECT OF DEFENDANT'S ACTIVITIES ON THE CONSUMING PUBLIC AND/OR PLAINTIFF

17. The use of the confusingly similar Mark in the manner described above is very likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of the goods and/or services of Defendant by Plaintiff.

18. Use of the confusingly similar Mark in the manner described above falsely indicates to the public that the goods and/or services of Defendant originated with Plaintiff, or are affiliated, connected or associated with Plaintiff, or are sponsored, endorsed, or approved by Plaintiff, or are in some manner related to Plaintiff.

19. Use of the confusingly similar Mark in the manner described above falsely designates the origin of the goods and/or services of Defendant, and falsely and misleadingly describes and represents material facts with respect to the goods and/or services, websites and/or commercial activities of Defendant.

20. Use of the confusingly similar Mark in the manner described above enables Defendant to trade on and unfairly receive the benefit of goodwill of Plaintiff's Mark, which Plaintiff has built up at great labor and expense over many years. Use of the confusingly similar Mark in the manner described above also enables Defendant to gain acceptance for its goods

and/or services, not solely on its own merits, but on the reputation and goodwill of Plaintiff and the JUMP WITH JILL Mark.

21. Use of the confusingly similar Mark in the manner described above by Defendant prevents Plaintiff from controlling the nature and quality of goods and/or services provided under the JUMP WITH JILL Mark and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

22. The activities of Defendant have caused irreparable injury to Plaintiff and to the public and, unless restrained by this Court, will continue to cause irreparable injury to Plaintiff and to the public. There is no adequate remedy at law for this injury.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement – 15 U.S.C. 1114)

23. Plaintiff repeats the allegations from paragraphs 1-22 above as if fully set forth herein.

24. The acts of Defendant complained of herein constitute infringement of the federally registered JUMP WITH JILL Mark in violation of 15 U.S.C. § 1114.

25. The JUMP WITH JILL Mark is nationally recognized, including within the Western District of Pennsylvania, as being affixed to goods and services of the highest quality from Plaintiff.

26. The registration of the JUMP WITH JILL Mark is in full force and effect.

27. Defendant's unauthorized use of the confusingly similar Mark is without Plaintiff's permission or authorization and is in total disregard of Plaintiff's rights to control her trademark.

28. Defendant's activities have and are likely to continue to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendant's business and commercial activities, all to the detriment of Plaintiff.

29. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods and/or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with Plaintiff's Mark.

30. As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to her business and reputation unless Defendant is restrained by this Court from infringing Plaintiff's Mark.

31. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

32. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the confusingly similar Marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Federal Common Law Trademark Infringement - Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

33. Plaintiff repeats the allegations from paragraphs 1-32 above as if fully set forth herein.

34. Plaintiff owns and enjoys common law trademark rights in the JUMP WITH JILL Mark in Pennsylvania and throughout the United States.

35. Defendant's unlawful acts in using the confusingly similar Mark were intended to capitalize on Plaintiff's goodwill for Defendant's own pecuniary gain. Plaintiff has expended substantial time, resources and efforts to obtain an excellent reputation for her brand. As a result of Plaintiff's efforts, Defendant is now unjustly enriched and is benefitting from property rights that rightfully belong to Plaintiff.

36. Defendant's unauthorized use of the confusingly similar Mark has caused and is likely to cause confusion as to the source of Defendant's goods and/or services, all to the detriment of Plaintiff.

37. Defendant's acts are willful, deliberate, and intended to confuse the public and injure Plaintiff.

38. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from her unlawful conduct.

39. The conduct complained of herein was extreme, fraudulent, and was inflicted on Plaintiff intentionally and/or in reckless disregard of Plaintiff's rights. This conduct was harmful to Plaintiff, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendant and to deter similar conduct in the future.

40. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

41. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the confusingly similar Mark or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action.

## THIRD CLAIM FOR RELIEF
### (False Designations of Origin and False Advertising – 15 U.S.C. § 1125(a))

42. Plaintiff repeats the allegations from paragraphs 1-41 above as if fully set forth herein.

43. The JUMP WITH JILL Mark is nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Plaintiff as the source of high-quality goods and/or services.

44. Defendant's promotion, advertising, distribution, sale, and/or offering for sale of her goods and/or services using the confusingly similar Mark, together with Defendant's use of other indicia associated with the JUMP WITH JILL Mark is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of such goods and/or services, and is intended, and is likely to cause such parties to believe in error that the Defendant's goods and/or services have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendant is in some way affiliated with Plaintiff.

45. Defendant's use of the confusingly similar Mark is without Plaintiff's permission or authorization and is in total disregard of Plaintiff's rights to control her trademark.

46. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

47. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the confusingly similar Mark or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of her infringing acts alleged above in an amount not yet known, as well as the costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Note To Health, LLC, d.b.a. JUMP WITH JILL, prays for entry of judgement against Defendant as follows:

1. Granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, her officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with her from:

(a) Using the confusingly similar Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the JUMP WITH JILL Mark;

(b) Advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing or promotional materials, signage, banners, invoices, pamphlets, leaflets, flyers and the like, as well as any goods containing the confusingly similar Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any other mark, name, or designation;

(c) Registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, twitter handle, trade designation, or other indicia of origin or source containing the confusingly similar Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, twitter handle, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the JUMP WITH JILL Mark;

   (d) Committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe Plaintiff's trademark rights in the JUMP WITH JILL Mark, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of Plaintiff by, with, or of Defendants, and;

   (e) Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above.

  2. Consistent with paragraph (1)(a) above, that Defendant be ordered to remove from sale or display, and recall, any and all promotional materials, advertisements, products, catalogs, and any other items or goods bearing the confusingly similar Mark, or any word or words confusingly similar thereto.

  3. Defendant be required to deliver to the Court for destruction, or show proof of destruction of, any and all internet web pages, social media sites, video hosting sites, domain names, products, labels, signs, prints, advertisements, signage, catalogs, and any other materials in her possession or control bearing or depicting the confusingly similar Mark, or any other mark, name, or designation that includes any word or words confusingly similar thereto (or any variation thereof, whether alone or in combination with any other word(s) or element(s).

  4. Defendant be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

  5. That Plaintiff recovers all damages it has sustained as a result of the activities of Defendant.

  6. That, pursuant to 15 U.S.C. § 1117, Plaintiff be awarded treble damages and attorneys' fees for willful infringement.

  7. That an accounting be directed to determine the profits of Defendant resulting from the activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

  8. That Defendant be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from her wrongful actions.

9. That Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorneys' fees.

10. That Plaintiff be awarded prejudgment and post-judgment interest.

11. That Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

Case 2:16-cv-01765-AJS   Document 1   Filed 11/22/16   Page 11 of 12

DATED: November 22, 2016         ACKER WOOD INTELLECTUAL PROPERTY LAW, LLC

By: _____
    Gwen R. Acker Wood (State Bar No. 89081)
    Acker Wood Intellectual Property Law, LLC
    4981 McKnight Road
    Pittsburgh, PA 15237
    Telephone: (412) 486-1038
    Facsimile: (412) 487-2837
    Email: grwood@ackerwoodiplaw.com

    ATTORNEY FOR PLAINTIFF
    NOTE TO HEALTH, LLC
     d.b.a. JUMP WITH JILL

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

DATED: November 22, 2016         ACKER WOOD INTELLECTUAL PROPERTY LAW, LLC

By: _____
    Gwen R. Acker Wood (State Bar No. 89081)
    Acker Wood Intellectual Property Law, LLC
    4981 McKnight Road
    Pittsburgh, PA 15237
    Telephone: (412) 486-1038
    Facsimile: (412) 487-2837
    Email: grwood@ackerwoodiplaw.com

    ATTORNEY FOR PLAINTIFF
    NOTE TO HEALTH, LLC
     d.b.a. JUMP WITH JILL